UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CHARLES J. STEINER, | ) | CASE NO. 5:06 CV 1140 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| INTERNAL REVENUE SERVICE, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

In a letter dated April 30, 2006, Charles J. Steiner requested the assistance of the court regarding "proceedings that I've been trying to finalized with the Internal Revenue Service." He attached another letter, addressed to the Clerk of Court, wherein he requested that his cover letter be "assigned or give[n] . . . to a Judge for review for a case." Based on these letters, the court filed Mr. Steiner's letter of April 30, 2006 as a civil action against the I.R.S. Mr. Steiner is proceeding <u>pro</u> <u>se</u>.

*Relevant Facts*

In his complaint Mr. Steiner requests "the records of the Internal Revenue Service to show the accounting to correspond to the same as I show, which is zero by my exemption for the

benefit of." (Compl. at 1.) He asks further that notices of lien be removed and that his account balance be reduced to zero. While the complaint does not establish a basis for this court's jurisdiction or what basis upon which Mr. Steiner is seeking relief, his attachments do provide some perspective.

For jurisdictional purposes, the only relevant attachment to the complaint is a Notice of Determination to the attention of Charles Steiner, dated April 7, 2006, and signed by I.R.S. Team Manager Marian R. Ota. The Notice addresses an I.R.S. Collection Due Process Hearing held earlier regarding a Civil Penalty against Mr. Steiner for the tax period ending December 2002. Ms. Ota states in the determination that "grounds for a withdrawal of the lien have not been established." She concluded that the case would be returned to the Automated Collection System for appropriate actions. Mr. Steiner is also advised that he may file a complaint in this court within 30 days of the date of the Notice if he disputes the determination. Since the issuance of the I.R.S. Notice, there are no signed documents that set forth what facts or issues of relevance Mr. Steiner is raising to challenge the I.R.S. determination.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753
(continued...)

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*26 U.S.C. §6331*

Section 6331(a) of the Tax Code provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary of the Treasury can collect such tax by levy upon property belonging to that person. See 26 U.S.C. § 6331. To comply with section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer, before proceeding with the levy. See also § 6330(a). Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals, or Collection Due Process (CDP), hearing with regard to a levy notice. During the CDP hearing, the taxpayer may raise certain matters set forth in § 6330(c)(2), which provides in pertinent part as follows:

> Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> > (2) Issues at hearing.--
> > > (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
> > > (i) appropriate spousal defenses;
> > > (ii) challenges to the appropriateness of collection actions; and
> > > (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer- in-compromise.

---

(...continued)
F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

26 U.S.C. § 6330(c)(2). The statute further provides that a taxpayer may appeal to this court pursuant to section 6330(d)(1) within 30 days of the I.R.S.'s determination, if this court has jurisdiction over the underlying tax liability. If this court lacks jurisdiction over the underlying tax liability, then the appeal is to be made to United States Tax Court. See 26 U.S.C. § 6330(d)(1).

Other than an assertion that his tax liability is "zero" and a request that this court assist his efforts to collect I.R.S. documents to support his theory, Mr. Steiner has not stated a claim upon which this court can grant relief. He does not set forth any basis upon which the court could set aside the I.R.S. determination because (1) it is not clear whether this court has jurisdiction over the underlying tax liability and (2) there is no explanation why Mr. Steiner believes the tax lien imposed by the I.R.S. is improper.

Based on the foregoing, Mr. Steiner is granted leave to proceed in forma pauperis and this action is dismissed pursuant to §1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: July 19, 2006                    *s/    James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE